NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SCOTT ANTHONY BACKUS, *Petitioner/Appellant,*

*v.*

ANGELA (CACY) ELLISON, *Respondent/Appellee.*

No. CV 14-0703 FC
FILED 9-10-2015

Appeal from the Superior Court in Yavapai County
No. V1300DO201380058
The Honorable Mark M. Moore, Judge
The Honorable Jeffrey G. Paupore, Judge

**AFFIRMED**

COUNSEL

Scott Backus, Camp Verde
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Donn Kessler and Judge Jon W. Thompson joined.

**T H U M M A**, Judge:

¶1          Scott Anthony Backus (Father) appeals from the superior court's order awarding Angela (Cacy) Ellison (Mother) sole legal decision-making authority over their three year old child (Daughter) and denying Father's requests for parenting time, visitation while incarcerated and to be added to Daughter's birth certificate. Because Father has shown no reversible error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          In March 2013, Father filed a pro se petition seeking, as applicable here, joint legal decision-making authority, parenting time, visitation while incarcerated, child support, an order of paternity and to be added to Daughter's birth certificate. In her response, Mother stated paternity had not been established and, citing domestic violence, sought sole legal decision-making authority and asked that Father be given no parenting time, adding it would cause Daughter "extreme emotional distress" for Father "to have parenting time, while he is incarcerated." Based on DNA testing, Father was later "declared to be the biological or legal father" of Daughter. After substantial motion practice, the two-hour trial on the competing claims occurred in July 2014. Upon receiving testimony and other evidence and hearing argument, the court awarded Mother sole legal decision-making authority and denied any relief requested by Father. The superior court then denied Father's subsequent motion to reconsider after receiving Mother's response. This court has jurisdiction over Father's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-2101(A)(1) and -120.21(A)(1) (2015).[1]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶3 Although Mother failed to file an answering brief on appeal, because the best interests of Daughter are at issue, this court does not treat that failure as a confession of error. *See Hoffman v. Hoffman*, 4 Ariz. App. 83, 85, 417 P.2d 717, 719 (1966). Father's brief fails to comply with this court's rules and provides minimal record citations, meaning he is deemed to have waived arguments that otherwise could have been properly presented. *See* Ariz. R. Civ. App. P. 13(a); *Delmastro & Eells v. Taco Bell Corp*, 228 Ariz. 134, 137 n.2 ¶ 7, 263 P.3d 683, 686 n.2 (App. 2011). Similarly, although Father's brief attempts to impeach Mother's credibility, the superior court (not this court) properly addresses such issues. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13, 972 P.2d 676, 680 (App. 1998). Moreover, Father has not provided any transcripts on appeal, meaning this court presumes the trial transcript supports the superior court's rulings. *See Kohler v. Kohler*, 211 Ariz. 106, 108 n.1 ¶ 8, 118 P.3d 621, 623 n.1 (App. 2005). Finally, Father does not challenge on appeal the denial of his requests for paternal grandparent visitation or to change Daughter's last name. With these substantial caveats, this court turns to the issues Father raises on appeal.

I.      **Father Has Not Shown The Superior Court Erred In Its Procedural And Evidentiary Determinations.**

¶4 Father, who was in custody at the time of trial, argues that the superior court erred in starting trial 11 minutes before he was transported to court. During those 11 minutes, the minute entry reflects that Mother's counsel waived his opening statement, the court swore in the witnesses, admonished and excluded two witnesses from the courtroom pursuant to Arizona Rule of Evidence (Rule) 615 and began hearing Mother's testimony. Because Father has not provided the trial transcript, the record does not show the reason for starting before Father arrived and does not show that Mother provided any material testimony when Father was not present. Moreover, the record does not show that Father was prevented from cross-examining Mother or that he was otherwise prejudiced by this 11-minute absence. Accordingly, Father has not shown the superior court committed reversible error or denied due process or equal protection rights in starting trial when it did.

¶5  Father asserts various other errors in the trial proceedings, including that the superior court improperly precluded him from making an opening statement after Mother's counsel waived his opening, erred in excluding evidence, improperly restricted his ability to cross-examine Mother, gave no consideration to his impeachment of Mother, purportedly denied him the opportunity to testify and improperly limited the duration of his closing argument.[2] Although Father asserts that a "review [of] the trial court transcripts" will support his allegations, Father has failed to provide those transcripts and this court presumes the transcripts support the superior court's rulings. *See Kohler*, 211 Ariz. at 108 n.1 ¶ 8, 118 P.3d at 623 n.1. Moreover, Father has shown no right to make an opening statement, does not demonstrate legal error in excluding evidence and has not shown the superior court could not properly impose limitations on closing arguments. *See* Ariz. R. Evid. 611(a). Although the record shows Father did not testify, it does not show that he was denied the opportunity to do so. On this record, Father has shown no reversible error on these points.

¶6  Father claims he had intended to call the two witnesses that were sworn and then excluded from the courtroom pursuant to Rule 615 before he arrived in court. On appeal, Father argues he did not learn of their presence until two days after trial and that, as a result, he was prejudiced because he did not know he could have called them as witnesses. There is no suggestion that Father raised the issue with the superior court after learning of the presence of the witnesses two days after trial. Even absent such waiver, the record does not show Father ever attempted to call the witnesses, commented on their absence or otherwise raised the issue at trial. Moreover, Father has not shown the court denied him the right to call witnesses or otherwise erred in not affirmatively informing him that the witnesses had been sworn and then excluded from the courtroom. Nor has he shown that Mother's counsel misled the court regarding the witnesses.

---

[2] To the extent Father alleges on appeal that he filed a petition with the superior court as Daughter's "'next friend,'" the record does not support that allegation.

¶7            Father also argues the superior court erred in excluding excerpts from more than 2,000 pages of records from Child Protective Services, now known as Department of Child Safety, involving Mother that he also intended to use for impeachment and to address Daughter's best interests. Father has not shown he was prevented from asking Mother about the information in the records, even if the records were not received in evidence. Moreover, without the trial transcript, Father has failed to show that the court abused its discretion in excluding the records, *see* Ariz. R. Fam. L. P. 2(B), or improperly addressed the best interests inquiry contrary to *Hays v. Gama*, 205 Ariz. 99, 67 P.3d 695 (2003).

¶8            Father next claims the superior court erred "administrative[ly]" by rescheduling the trial several times and, apparently as a result, a cell phone containing text messages Father wanted to submit at trial ran out of airtime. Father, however, has not shown the court abused its discretion in scheduling trial and has not shown that he erroneously was prohibited from offering evidence at trial. Nor has Father provided the text messages, shown that the court abused its discretion in denying his motion to compel Mother to disclose the same text messages or factually demonstrated that Mother's counsel stole the "data card" from his phone or otherwise acted improperly at trial.

¶9            Father also claims he was administratively prejudiced by the case being reassigned to a different judge shortly before trial. Father is correct that the case was reassigned to a different judge a few months before trial pursuant to an Administrative Order regarding division assignments. The judge who presided over the trial, however, considered all of the evidence received and then issued its ruling. Father has shown no error, factually or legally, resulting from this reassignment. On this record, Father provides no factual support for his claim that the reassignment was error because he represented himself. Finally, Father has not shown that the judge who presided over trial improperly failed to acknowledge rulings by the prior judge assigned to the case. *See Zimmerman v. Shakman*, 204 Ariz. 231, 236 ¶ 15, 62 P.3d 976, 981 (App. 2003) (law of the case doctrine does not prevent different judge from reconsidering prior judge's non-final rulings).

¶10           Father argues the judge who presided over trial was biased by improperly focusing on Father's incarcerated status (to the detriment of the best interests considerations) and treating him unfairly. Father, however, has made no factual showing supporting these arguments. Father also has not shown the court erred in holding him to the same standard as a licensed attorney. *See In re Marriage of Williams*, 219 Ariz. 546, 549 ¶ 13, 200 P.3d 1043, 1046 (App. 2008). Nor has Father shown that the court

improperly failed to recognize that Father was incarcerated, that Mother was represented by counsel and fundamental liberty interests and the best interests of a child were at issue. Finally, on this record, Father has not shown the court acted as Mother's attorney or that the trial was not long enough, particularly given his concession that he agreed to a two hour trial.

## II. Father Has Not Shown The Superior Court Erred On The Merits.

**¶11**        Father argues the court erred in denying his request to place his name on Daughter's birth certificate after paternity had been established. By statute, that decision is resolved administratively. *See* A.R.S. § 36-334(C)(3) ("[T]he father's name shall be stated on a birth certificate . . . [i]f the state registrar receives an administrative order or a court order establishing paternity."). Accordingly, Father has failed to show error on this point.

**¶12**        Father also argues the superior court erred in awarding Mother sole legal decision-making authority. Although the court expressly addressed the factors set forth in A.R.S. § 25-403, Father claims several of those findings were unsupported by, or against the weight of, the evidence. Again, without the trial transcript, this court presumes the superior court's findings were properly supported. *See Kohler*, 211 Ariz. at 108 n.1 ¶ 8, 118 P.3d at 623 n.1. Moreover, Father has not otherwise shown the court erred in its findings. *See Gutierrez*, 193 Ariz. at 347 ¶ 13, 972 P.2d at 680 (noting superior court, not appellate court, properly weighs evidence and assesses witness credibility).[3]

**¶13**        Finally, Father argues the superior court erred in denying his request for parenting time. The court noted "that no practical means for parenting time with Father exist[] at this time" given his incarceration, and that it was not "reasonable to subject a child of [Daughter]'s age to visitation at the jail facilities in Yavapai County." The court also found parenting time "not to be in [Daughter]'s best interest." Father argues the court's findings are unsupported and that the court erred in denying him visitation based on his incarceration alone. On this record, Father has not shown that the superior court misapplied the law. Factually, Father has not shown that the court's parenting time and visitation rulings are unsupported by the record. Moreover, Father has not shown that testimony, as Father characterizes in

---

[3] To the extent Father argues the superior court erred in finding he deprived himself of access to Daughter, the court's orders do not contain such a finding and, in fact, the court expressly struck language in a proposed order along those lines.

his brief, from Mother about Father "choking her and threatening to terminat[e the] child's life" was insufficient to support the court's rulings. Nor does this record support Father's argument that the court erred in denying visitation because the jail would be a proper facility for visits with Daughter or that effective alternatives exist to face-to-face visitation.

## CONCLUSION

¶14         Because Father has shown no error, the order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama